CV 13 - 2197

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUMMONS ISSUED

------------------------------------------------------------------X

BENJAMIN SQUIRES,

                Plaintiff,

          -against-

THE CITY OF NEW YORK, P.O. MATTHEW DRURY,
Shield No. 14564, Individually and in his Official
Capacity, P.O. FELIX CORTEZ, Shield No. 25451,
Individually and in his Official Capacity and P.O.'s
"JOHN DOE" #1-5, Individually and in their Official
Capacity the name John Doe being fictitious, as the true
names are presently unknown),

                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

------------------------------------------------------------------X

     Plaintiff BENJAMIN SQUIRES, by his attorneys, COHEN & FITCH LLP, complaining

of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil

rights, as said rights are secured by said statutes and the Constitutions of the State of New York

and the United States.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the

First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff BENJAMIN SQUIRES is an African American male and has been at all relevant times a resident of Kings County in the City and State of New York.

7.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants P.O. Matthew Drury, P.O. Gelix Cortez and P.O.s "JOHN DOE" #1-#5 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

### The January 23, 2012 Incident

13.     On or about January 23, 2012 in the County of Kings, City, and State of New York, plaintiff BENJAMIN SQUIRES was in the vicinity of 134 Milford Street, Brooklyn, New York.

14.     At the aforesaid time and place, NYPD officers approached plaintiff and attempted to pull him over a fence.

15.     The officers assaulted claimant injuring his fingers, hand and knee among other things.

16.     At no time on January 23, 2012, did plaintiff behave in any manner that would justify the use of such excessive force.

17.     At no time on January 23, 2012, did defendant behave unlawfully in any way.

18.     As a result of the excessive force, plaintiff BENJAMIN SQUIRES sought medical treatment at Brooklyn University Hospital.

19.     As a result of the foregoing, plaintiff BENJAMIN SQUIRES sustained, inter alia, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## The February 19, 2012 Incident

20.     On or about February 19, 2012, at approximately 4:00 p.m., plaintiff BENJAMIN SQUIRES was in the vicinity Glenford Avenue and Milford Avenue in Brooklyn, New York.

21.     At the aforesaid time and place, plaintiff saw the same officers who had assaulted him on January 23, 2012.

22.     Plaintiff approached the officers and asked P.O. Drury for his badge number in order to identify him for the complaint he filed with the Civilian Complaint Review Board.

23.     The officers immediately placed palintiff under arrest with his arms tightly behind his back and assaulted him.

24.     Plaintiff was transported to a nearby precinct and charged with Assault, Attempted Assault, Obstruction of Governmental Administration and Disorderly Conduct.

25.     At no time on February 19, 2012, did plaintiff BENJAMIN SQUIRES behave unlawfully in anyway.

26.     At no time on February 19, 2012, did defendants have a reason to use such excessive force against plaintiff.

27.     At no time on February 19, 2012, did plaintiff BENJAMIN SQUIRES act unlawfully in any way.

28.     At no time on February 19, 2012, did defendants possess probable cause to arrest plaintiff.

4

29.     At no time on February 19, 2012, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

30.     In connection with plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the District Attorney's Office.

31.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest, namely that defendant flailed his arms and threw his body on the floor.

32.     As a result of his unlawful arrest, plaintiff BENJAMIN SQUIRES spent approximately thirty-two (32) hours in police custody and approximately ten (10) months making court appearances before all charges were adjourned in contemplation of dismissal on or about December 12, 2012.

33.     As a result of his unlawful arrest, plaintiff BENJAMIN SQUIRES sought medical treatment at Brooklyn University Hospital and Kings County Hospital for injuries to his shoulder and face among other things.

34.     As a result of the foregoing, plaintiff BENJAMIN SQUIRES sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## PENDENT STATE CLAIMS ARISING UNDER THE JANUARY 23, 2012 INCIDENT

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     On or about March 2, 2012 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF

NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

37.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

38.    Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing is being scheduled.

39.    This action was commenced on April 8, 2013, within one (1) year and ninety (90) days after the cause of action herein accrued.

40.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

41.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF ARISING UNDER THE JANUARY 23, 2012 INCIDENT ASSAULT

42.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

44.    As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF ARISING UNDER THE JANUARY 23, 2012
## INCIDENT
## BATTERY

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendant police officers touched plaintiff in a harmful and offensive manner.

47.     Defendant police officers did so without privilege or consent from plaintiff.

48.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF ARISING UNDER THE JANUARY 23, 2012 INCIDENT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

51.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

52.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

53.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

54.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FOURTH CLAIM FOR RELIEF ARISING UNDER THE JANUARY 23, 2012 INCIDENT
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

57.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

58.     Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

59.     As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.


## FEDERAL CLAIMS ARISING UNDER THE JANUARY 23, 2012 INCIDENT

## FIFTH CLAIM FOR RELIEF ARISING UNDER THE JANUARY 23, 2012 INCIDENT
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

62.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

63.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

64.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SIXTH CLAIM FOR RELIEF ARISING UNDER THE JANUARY 23, 2012 INCIDENT
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

68.     As a result of the foregoing, plaintiff BENJAMIN SQUIRES sustained, inter alia, severe bodily injuries including, but not limited to, injuries to his fingers, his hand an his knee.

## PENDENT STATE CLAIMS ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     On or about March 2, 2012 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

71.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72.     Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing is being scheduled.

73.     This action was commenced on April 8, 2013, within one (1) year and ninety (90) days after the cause of action herein accrued.

74.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

75.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012- INCIDENT
### FALSE ARREST

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as is fully set forth herein.

77. Defendant police officers arrested plaintiff in the absence of probable cause and without a warrant.

78. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings. The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

### SECOND CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
### ASSAULT

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

81. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### THIRD CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
### BATTERY

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendant police officers touched plaintiff in a harmful and offensive manner.

84. Defendant police officers did so without privilege or consent from plaintiff.

85. As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## FOURTH CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
## FALSE IMPRISONMENT

86.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was humiliated and he was subjected to handcuffing, and other physical restraints.

88.     Plaintiff was conscious of said confinement and did not consent to same.

89.     The confinement of plaintiff was without probable cause and was not otherwise privileged.

90.     As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FIFTH CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

93.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

94.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

12

95. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

96. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SIXTH CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

97. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department and the Department of Corrections, including the defendants individually named above.

99. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

100. Due to the negligence of the defendants as set forth above, plaintiff suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

101. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

## FEDERAL CLAIMS ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT

## SEVENTH CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

102.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.   All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

104.   All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

105.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

106.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York, the New York City Police Department and the New York City Department of Corrections, all under the supervision of ranking officers of said department.

107.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

14

## EIGHTH CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

108.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

110.    As a result of the foregoing, plaintiff BENJAMIN SQUIRES sustained, inter alia, severe bodily injuries including, but not limited to, pain to his shoulder and face.

## NINTH CLAIM FOR RELIEF ARISING UNDER THE FEBURARY 19, 2012 INCIDENT
## FALSE ARREST UNDER 42 U.S.C. § 1983

111.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

113.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he as put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## TENTH CLAIM FOR RELIEF
## VIOLATION OF FIRST AMENDMENT RIGHTS UNDER 42 U.S.C.§ 1983

114.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "113" with the same force and effect as if fully set forth herein.

115.    Plaintiff's unjustified arrest and detention was not authorized by law and instead was the defendant officer's response to plaintiff's verbal request that the officer give him his badge number.

116.    Plaintiff's verbal request is speech that is entirely protected under the First and Fourteenth Amendment of the Constitution of the United States.

117.    Defendants conduct was in direct violation of plaintiff's right to freedom of speech as secured by the First and Fourteenth Amendments.

118.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints.

## ELEVNTH CLAIM FOR RELIEF ARISING UNDER THE FEBRUARY 19, 2012 INCIDENT
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

119.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "118" as if the same were more fully set forth at length herein.

120.    Defendants created false evidence against plaintiff.

121.    Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

122.    Defendants misled the prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings, namely that defendant flailed his arms and threw his body on the floor.

123.    In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants

violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

124.   As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

ii.   an order awarding punitive damages in an amount to be determined at trial;

iii.   reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.   directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
          April 5, 2013

BY: _____
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10273
(212) 374-9115
jfitch@cohenfitch.com
gcohen@cohenfitch.com